UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
OCT 26 2020

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SINJIN CAMERON,<br><br>Defendant. | 1:17-CR-10031-CBK<br><br><br><br>ORDER |

Defendant was charged with second degree murder in connection with the death of his mother's boyfriend. He pleaded guilty to a superseding information charging voluntary manslaughter. He was sentenced on July 16, 2018, to 144 months imprisonment. He is scheduled to be released March 13, 2028. https://www.bop.gov/inmateloc/, last visited October 23, 2020.

Defendant has filed what he calls an emergency motion due to the COVID-19 "outbreak." (Doc. 60). This will be treated as a motion for compassionate release. Defendant resided at the United States Penitentiary in Florence, Colorado, at the time he mailed his motion. He currently resides at the United States Penitentiary in Thomson, Illinois. https://www.bop.gov/inmateloc/, last visited October 23, 2020.

A great deal of what defendant claims deal with his conditions of confinement at U.S.P. Florence. I have no jurisdiction to deal with such matters. They are to be dealt with, if at all, by a federal court in Colorado.

The Sentencing Reform Act of 1984, Pub. L. 98-473, Title II, § 212, authorized, *inter alia*, the district court, upon motion of the Director of the BOP, to reduce a prison term after considering the factors set forth in 18 U.S.C. § 3553(a), "if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission issued Guidelines § 1B1.13 setting forth the Commission's policy statement on compassionate release, which were consistent with § 3582(c).

Pursuant to the First Step Act of 2018, the district court is now authorized to grant compassionate release upon motion of a defendant after the exhaustion of administrative remedies. Pub. L. 115-391, § 603(b), 18 U.S.C. § 3582(c)(1)(A). Defendant has failed to show that he has exhausted his administrative remedies. Records from the Bureau of Prisons ("BOP") refute his claim as of July 27, 2020, stating that "no remedy data exists for this inmate." Despite this, I intend to deny the motion on the merits.

In evaluating a request for compassionate release, the district court is required to consider the factors set forth in section 3553(a), to the extent that they are applicable, and may reduce defendant's sentence of imprisonment if it finds that

(1)     (a) extraordinary and compelling reasons warrant such a reduction,

or

(b) the defendant is at least 70 years of age and has served at least 30 years in prison for the offense or offenses for which the defendant is currently imprisoned

and

(2)     the defendant is not a danger to the safety of any other person or the community.

18 U.S.C. § 3582(c)(1)(A), U.S.S.G. § 1B1.13.

Defendant requests compassionate release based upon his medical condition and the fact that COVID 19 is wide-spread in the BOP system. Chief Judge Lange has observed:

> There can be no doubt that the effects of the global COVID-19 pandemic are extraordinary, and that the disease in some situations may be an "other reason" to grant compassionate release under § 1B1.13 comment note (D). The illness and the potential for its spread has affected the daily life of nearly every American citizen and has resulted in massive disruptions to the economy. Despite these drastic effects, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." The question becomes whether [defendant's] medical conditions . . . combined with the crowded conditions of confinement justify compassionate release.

United States v. Frost, ___ F.3d ___, ___, 2020 WL 3869294, at *4 (D.S.D. July 9, 2020) *citing* United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

2

Defendant claims he is not a violent person. He claims that he was only acting in self-defense when he killed Titus Bobtail Bear. He is lying. I found at his sentence hearing that he was both violent and dangerous. He had 22 tribal court convictions, mostly for acts of violence. He had a prior federal court conviction for assault by striking, beating and wounding. There was evidence that he would have killed the victim had he not been restrained by another person. Charges in state court of attempted murder and burglary in another case were dismissed as part of the plea-bargaining process for his federal conviction of voluntary manslaughter. In the state court case, after breaking into the residence, he had assaulted a person sleeping on a couch and then stabbed in the back a woman seeking to escape, stabbing her in the lung.

As to his conviction for voluntary manslaughter, under the Sentencing Guidelines, his range was 70-87 months. I departed upward and sentenced him to 144 months, based largely on him being very dangerous and violent. He began serving his sentence on April 24, 2019. He continues to misbehave in prison, having lost over four months of "good time" for disciplinary violations. The response of the government (Doc. 65) shows clearly at page 17 his continued history of violence.

In the case of voluntary manslaughter, the victim was passed out just prior to the altercation. Defendant struck the victim nine times with both fists. He had threatened to "beat up" and break the face of the victim. He twice again entered the bedroom after the victim was unconscious and unable to defend himself, the purpose being to administer ten more blows to the head. The victim died from blunt force trauma to the head. Defendant showed no mercy.

As stated above, defendant pled guilty to voluntary manslaughter and was given a sentence of 144 months. He is now 27 years of age and has served less than 25% of his sentence. The incidents of infection at USP Florence-High was zero among inmates at the time defendant filed his motion. Currently, there are two inmates and four staff who are positive with COVID-19 at U.S.P. Florence. https://www.bop.gov/coronavirus/, visited October 23, 2020.

There are no "extraordinary and compelling reasons" to warrant granting the motion. Likewise, the petitioner has not met his burden to prove that he is more subject to infection than others. He has not shown that he is suffering from a "serious physical or medical condition", "functional or cognitive impairment" or "deteriorating physical or mental health because of the aging process." His medical records do not mention hypertension and do not state that his

asthma is moderate to severe. There is no indication that his health problems cannot be treated or managed successfully by the BOP.

He has failed to demonstrate that he is not a danger if released. All the evidence is to the contrary. He has spent his life to this date engaged in serious acts of violence. His motion should be denied.

NOW, THEREFORE,

It is ordered that the petition for compassionate relief (Doc. 60) is denied.

Dated at Aberdeen, South Dakota, this 26th day of October, 2020.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge